## GARDNER F. CUTLER v. WILLIAM HAKE.

*Trover by mortgagee.*

Where chattels owned by one partner but used by the firm without being converted into partnership assets, were mortgaged by the other partner without the owner's knowledge, and were sold by the mortgagee under the mortgage, a former mortgagee from the owner can maintain trover against the later mortgagee for their conversion.

Error to Kent.   Submitted Oct. 7.   Decided Oct. 19.

TROVER.   Defendant brings error.   Affirmed.

*W. W. Carpenter* for plaintiff in error.   The mortgager of chattels is entitled to their possession : *Kohl v. Lynn* 34 Mich. 361 ; *Lucking v. Wesson* 25 Mich. 445 ; *Cadwell v. Pray* 41 Mich. 312 ; *Cary v. Hewitt* 26 Mich. 233 ; *Flanders v. Chamberlain* 24 Mich. 313 ; *Farrington v. Bristol* 35 Mich. 28 ; trover cannot be maintained by any person who has no right to immediate possession of the goods : 1 Green's Pr. 72 ; 1 Hilliard on Torts 502 ; *Stephenson v. Little* 10 Mich. 439 ; *Burdick v. Michael* 32 Mich. 247 ; nor without demand : *Rodgers v. Brittain* 39 Mich. 477 ; which must be made after right to possession accrues or after condition broken : *Hagar v. Randall* 62 Me. 439 ; *Savage v. Smythe* 48 Ga. 562 ; *Lyle v. Palmer* 42 Mich. 314 ; *Draper v. Stouvenel* 38 N. Y. 222 : 6 South L. Rev. 835.

*D. E. Corbitt* for defendant in error.

GRAVES, J.   Hake brought trover for an alleged conversion of a span of horses, a yoke of oxen, a wagon and two sets of bob-sleighs.   The case was tried before the court sitting without a jury and judgment was given for Hake.   Cutler alleged exceptions.

The only question we consider worthy of notice relates to the sufficiency of the finding in one particular.   Hake claimed by virtue of a mortgage from William Wilson given

on the 3d of February, 1880, and Cutler claimed under a mortgage of the 9th of April afterwards and made by George Gilmore for the firm composed of himself and said Wilson.

It seems that in the fall of 1879 Wilson and Gilmore made themselves copartners to carry on a job of lumbering and that each furnished certain property and that the chattels in question were among those which Wilson took to the camp

Cutler contended that Wilson put them into the concern in such manner that they lost their character as individual property and became firm assets and hence mortgageable by the firm. It is apparent therefore that both plaintiff and defendant traced title to Wilson.

Cutler took the property on his mortgage and sold it, and this was a conversion as against Hake unless the property had been changed into firm assets prior to his mortgage, and the only material contention was whether as between the parties any such change had been effected. It is true the finding is not drawn up with as much precision as it should have been : but no change was requested, and it must now be acted on under a fair construction of its meaning in view of the controversy and of the attitude of the parties towards it on the trial. And so regarding it we think it decides that Wilson had no knowledge of the execution by Gilmore of the mortgage to Cutler and that the chattels in point of fact were not converted into firm assets, but were intended to remain as individual property.

Upon the view we take of the case it follows that no material error is shown and that the judgment should be affirmed with costs.

The other Justices concurred.